UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| TERESA MARGARET GESKE GARCIA, | § § § | |
| *Plaintiff,* | § | EP-16-CV-00158-DCG |
| v. | § § § | |
| CAROLYN W COLVIN, *Commissioner of the Social Security Administration,* | § § § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is United States Magistrate Judge Leon Schydlower's "Report and Recommendation of the Magistrate Judge" (ECF No. 17) ("R&R") issued. Therein, Judge Schydlower recommends that the decision of the Commissioner of the Social Security Administration ("Commissioner") be affirmed. Plaintiff Teresa Margaret Geske Garcia filed her "Objections to Magistrate Judge's Report and Recommendations" (ECF No. 18) ("Objections to the R&R"), wherein she objects to Judge Schydlower's findings and recommendation.

Upon conducting an independent (*de novo*) review of the record and having considered the Administrative Law Judge's ("ALJ") decision, Judge Schydlower's R&R, Garcia's objections thereto, the Court, for the reasons that follow, OVERRULES Garcia's objections and ACCEPTS Judge Schydlower's R&R.

## I. BACKGROUND

In December 2013, Garcia applied for disability insurance benefits under Title II of the Social Security Act, alleging disability since October 31, 2013, because of rheumatoid arthritis, knee problems, pulmonary problems, stomach problems, high blood pressure, and depression.[1]

---

[1] R. at 167, 203, ECF No. 7. References to the transcript of the record of administrative

After the Commissioner denied her initial application and then her request for reconsideration, the ALJ held a hearing in January 2016.[2] The ALJ heard testimony from Garcia, who appeared with a non-attorney representative, a vocational expert (Ms. Nicole B. King) and a medical expert (Sharon L. Rogers, Ph.D.).[3] In an opinion dated January 26, 2016, the ALJ determined that Garcia was not disabled within the meaning of the Social Security Act.[4] The Appeals Council denied her request for review, rendering the ALJ's decision the final decision of the Commissioner.[5]

On May 13, 2016, pursuant to 42 U.S.C. § 405(g), Garcia brought this lawsuit, seeking judicial review of the Commissioner's decision.[6] Pursuant to 28 U.S.C. § 636, and Appendix C to the Local Court Rules of the Western District or Texas, the Court referred the case to Judge Schydlower for findings and recommendations.[7] Before Judge Schydlower, Garcia argued that the ALJ's decision should be reversed and remanded because it is not supported by substantial evidence and is contrary to law.[8] The Commissioner submitted a responsive brief.[9] Judge Schydlower conducted a telephonic hearing on November 8, 2016, and issued his R&R on March 7, 2017. Garcia timely filed her objections to the R&R. *See* Objs. to R&R, ECF No. 18.

---

proceedings (ECF No. 7) filed in this case are designated by "R." followed by page numbers.

[2] R:33-62, 73-74, 92-93.

[3] R:33-62, 98.

[4] R:10-24.

[5] R:1-4.

[6] Compl. to Review Decision of Comm'r ¶¶ 8–11, ECF No. 1.

[7] *See* Standing Order Referring Social Security Cases, http://www.txwd.uscourts.gov/USDC%20Rules/StandingOrders/ElPaso/stord_dg_re_ssan_050312.pdf.

[8] Br. In Opp'n to Comm'r's Decision at 2, 6, ECF No. 10.

[9] Br. in Supp. of Comm'r's Decision, ECF No. 11.

## II. STANDARDS

### A. Objections to Magistrates Report and Recommendation

A party is entitled to "a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *See also Longmire v. Guste*, 921 F.2d 620, 624 (5th Cir. 1991) ("Longmire filed written objections to the magistrate's report and was entitled to a de novo review by an Article III judge as to those issues to which an objection is made."); Fed. R. Civ. P. 72(b) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."). "Litigants may not, however, use the magistrate judge as a mere soundingboard." *Freeman v. Cty. of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998).

The objecting party must specifically identify the findings or recommendations it wants the Court to consider. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). The Court will not consider "frivolous, conclusive, or general objections." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (*per curiam*) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (*en banc*), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir.1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1)); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

### B. Judicial Review of the ALJ's Decision

Judicial review of the Commissioner's decision to deny benefits is limited to two inquires: (1) whether the Commissioner used the proper legal standards to evaluate the evidence

and (2) whether the decision is supported by substantial evidence. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); 42 U.S.C. § 405(g). "The Commissioner's decision is granted great deference." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). The Court "must affirm the Commissioner's determination unless [it] finds that 1) the ALJ applied an incorrect legal standard, or 2) that the ALJ's determination is not supported by substantial evidence." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001); *see also Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995) (*per curiam*) ("If the Commissioner's findings are supported by substantial evidence, then the findings are conclusive and the Commissioner's decision must be affirmed.").

"Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "'It is more than a mere scintilla and less than a preponderance.'" *Boyd*, 239 F.3d at 704 (quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir.2000)). The court must scrutinize the record to determine whether such evidence is present, but it may "not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (citations omitted); *see also Arkansas v. Oklahoma*, 503 U.S. 91, 113 (1992) ("A court reviewing an agency's adjudicative action . . . should not supplant the agency's findings merely by identifying alternative findings that could be supported by substantial evidence." (citations omitted)). A finding of no substantial evidence is appropriate only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988) (*per curiam*) (internal quotation marks and citation omitted).

## III. DISCUSSION

### A. Garcia's Objections to the R&R

Garcia raises three objections to the R&R: the magistrate erred in his findings that (1) the ALJ properly considered all the Remicade Infusion side effects, Objs. to R&R at 1; (2) the ALJ properly evaluated Dr. Karen Smith's opinions, *id.* at 3; and (3) substantial evidence supports the ALJ's determination about the vocational expert's testimony, *id.* at 4. The Court addresses each in turn.

### B. The Court's Evaluation of Garcia's Objections

#### *1. Side Effects of Remicade Infusion*

Although Garcia generally objects that Judge Schydlower erred in finding that ALJ properly considered the Remicade Infusion side effects, she specifically objects on the ground that "[t]he ALJ failed to consider Plaintiff's testimony at the hearing that showed that after every infusion the claimant slept for about 48 hours and bedridden for about 1 week." *Id.* at 2 (citing R. at 51).

The ALJ noted that testimony and a related testimony in his decision, R. at 16 ("Claimant stated she receives Remicade infusions from the Oncology clinic prescribed by Dr. Smith every four weeks. Claimant stated that after an infusion she sleeps 48 hours and she is in bed for a week."), but concluded that her testimony was "not entirely credible for the reasons explained in this decision," *id.* Judge Schydlower scrutinized the ALJ's reasoning for that conclusion and the evidence the ALJ cited in support thereof, and cited other record evidence that further supports the ALJ's conclusion. R&R at 4–5. Judge Schydlower then concluded that substantial evidence supports the ALJ's determination that the objective medical evidence in the record contradicted Garcia's allegations. *Id.* at 5.

The Court has carefully reviewed the ALJ's reasoning on this point in view of the record and finds no error in Judge Schydlower's conclusion that substantial evidence supports the ALJ's determination. *See Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990) ("[A] factfinder's evaluation of the credibility of subjective complaints is entitled to judicial deference if supported by substantial record evidence."); *Borrego v. Astrue*, 825 F. Supp. 2d 779, 788 (W.D. Tex. 2011) (Guaderrama, J.) ("Credibility determinations, however, are the province of the ALJ, and accordingly, the ALJ's determinations of the weight and credibility of the evidence are entitled to considerable deference." (alteration, internal quotation marks, and citations omitted)).

Garcia also points out other evidence in record and claims that such evidence "clearly supports Plaintiff's contention that she has to deal with recurrent pain that prevents her to perform gainful employment." Objs. to R&R at 2 (citing R. at 602, 604). This argument is beside the point as a "reviewing court is not permitted to substitute its judgment for that of the [Commissioner], *even if the reviewing court finds that the evidence preponderates toward a wholly different finding.*" *Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983) (emphasis added); *see also Arkansas v. Oklahoma*, 503 U.S. 91, 113 (1992) ("A court reviewing an agency's adjudicative action . . . should not supplant the agency's findings merely by identifying alternative findings that could be supported by substantial evidence." (citations omitted)). Accordingly, the Court overrules this objection.

*2. Dr. Karen Smith's Opinions*

Garcia objects to Judge Schydlower's finding that substantial evidence supports the ALJ's decision to accord little weight to two specific opinions by Dr. Smith. Objs. to R&R. First, in a note dated December 17, 2015 (one month before Garcia's hearing before the ALJ), Dr. Smith stated "Teresa remains profoundly disabled by severity of her RA [*i.e.*, Rheumatoid

Arthritis] . . . barely controlled despite aggressive therapy." R. at 615. Second, in a Medical Source Statement dated April 8, 2014, Dr. Smith opined that Garcia could stand or walk for only one hour during an 8-hour workday, could sit for only two hours, would need to lie down the rest of the day, and could only lift up to 10 pounds. R at 412–17 (Ex. 6F).[10] In his decision, ALJ noted these opinions but accorded them "little weight," because they are contradicted by the objective longitudinal evidence of record, R. at 21, and in particular, the first opinion is inconsistent with Dr. Smith's other opinions, *id.* (citing R. at 608 (Ex. 25F/1) and R. at 609 (Ex. 25F/2)). Judge Schydlower examined the evidence the ALJ cited in support of his determination, as well as other record evidence, and concluded that the ALJ's determination is supported by substantial evidence. R&R at 7–7.

In her objection, Garcia argues that because Dr. Smith is a rheumatologist, she "should have been given great weight," Objs. to R&R at 3, and further that the ALJ failed to consider "each of the 20 C.F.R. § 404.1627(C) factors before deciding to give any weight" to her opinions, *id.* (citing *Newton*, 209 F.3d 448). In *Newton*, the Fifth Circuit held that "an ALJ is required to *consider* each of the § 404.1527([C]) factors before declining to give any weight to the opinions of the claimant's treating specialist." *Newton*, 209 F.3d at 456 (emphasis added). Further, the opinion of a treating physician, instructed the panel, "may be assigned little or no weight when good cause is shown. Good cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the treating physician's evidence . . . is otherwise unsupported by the evidence." *Id.* at 455–56.

Although the ALJ did not provide his analysis of the Section 404.1627(C) factors in a contiguous portion of his written decision, a review of the decision as a whole and the record

---

[10] "Ex." refers to the exhibits as they existed during the proceedings before the the Social Security Administration.

evidence reflects that the ALJ considered each of the factors. Section 404.1627(C) requires consideration of: "(1) the physician's length of treatment of the claimant, (2) the physician's frequency of examination, (3) the nature and extent of the treatment relationship, (4) the support of the physician's opinion afforded by the medical evidence of record, (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician." *Newton*, 209 F.3d at 456.[11] The ALJ considered the first three factors "by recalling the details and diagnoses of numerous appointments between [Garcia] and Dr. [Smith]." *Cf. Jones v. Colvin*, 638 F. App'x 300, 304 (5th Cir. 2016) (unpublished) (*per curiam*). For example, he noted that Garcia's "primary doctor is Karen Smith," and "she receives Remicade infusions from the Oncology clinic prescribed by Dr. Smith every four weeks." R. at 16. Throughout his decision,

---

[11] Section 404.1527, which was amended since the Fifth Circuit issued its opinion in *Newton*, now provides, in relevant part:

> [W]e consider all of the following factors in deciding the weight we give to any medical opinion.
>
> (1) Examining relationship. Generally, we give more weight to the medical opinion of a source who has examined you than to the medical opinion of a medical source who has not examined you.
>
> (2) Treatment relationship. . . . (i) Length of the treatment relationship and the frequency of examination. . . . (ii) Nature and extent of the treatment relationship.
>
> (3) Supportability. The more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings, the more weight we will give that medical opinion. . . .
>
> (4) Consistency. Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion.
>
> (5) Specialization. We generally give more weight to the medical opinion of a specialist about medical issues related to his or her area of specialty than to the medical opinion of a source who is not a specialist.
>
> (6) Other factors. When we consider how much weight to give to a medical opinion, we will also consider any factors . . . , which tend to support or contradict the medical opinion.

20 C.F.R. § 404.1527(C).

the ALJ cited Dr. Smith's treatment/progress notes dating from 2013 to 2015. *E.g.*, R. at 17, 20 (citing R. at 510 (Ex. 21F/3)); R. at 18 (citing R. at 392 (Ex. 3F/9)); R. at 21 (citing R. at 609 (Ex. 25F/2)). Further, at the January 2016 hearing, the ALJ questioned Garcia on the frequency of her visits with Dr. Smith:

> [ALJ] All right. Now, how often, on average -- I know, if someone's sick, they're going to go more frequently to a doctor, but on average, how often do you see Dr. Smith?
>
> [Garcia] I see her now every two months.

R. at 45–46. Moreover, in a brief to the ALJ, Garcia's representative below stated that Dr. Smith treated Garcia "since November 28, 2012," R. 286 (Ex. 18E), and ALJ cited that brief in his decision, R. 17 (citing Ex. 18E).

The ALJ considered the fourth and fifth factors—namely, "the support of the physician's opinion afforded by the medical evidence of record" and "the consistency of the opinion with the record as a whole—when he discussed other medical evidence, and in particular, her other notes taken during Garcia's prior visits, that contradicted her opinions. R. at 21. Finally, the ALJ considered the sixth factor—namely, "the specialization of the treating physician": although the ALJ did not denote Dr. Smith's specialization in his written decision, he was aware of it as evidenced by the colloquy between Garcia and her representative at the January 2016 hearing:

> [Representative] And Dr. Karen Smith is a rheumatologist.
>
> [Garcia] Yes.

R. at 51. Accordingly, the Court overrules Garcia's objection on this ground. Further, having independently reviewed the record and the ALJ's decision, the Court agrees with Judge Schydlower's conclusion that the ALJ's decision to accord little weight is supported by substantial evidence.

*3. Vocational Expert's Testimony*

In her final objection, Garcia faults the ALJ for ignoring the vocational expert's testimony in response to a hypothetical by her representative. The relevant colloquy was as follows:

> ATTY: Ms. King, in these last three jobs that you cited, if the employee would be off task about 20 percent of the time, were they able to -- you know, -- and unable to complete a work task, would they -- would it eliminate any of these jobs?
>
> VE: Yes. It would eliminate all competitive employment if on a consistent basis.

R. at 61–62. This hypothetical appears to have been based on a similar argument the representative made in his brief to the ALJ. R. at 286. In support of this argument, the representative advanced the following evidence: Dr. Smith's April 8, 2014 Medical Source Statement discussed *supra*, R. at 286 (citing Ex. 6F), and Garcia's would-be testimony that due to the Remicade infusion side effects she has to lay down throughout the day and has 2 bad weeks per month, *id.*; *cf.* R. at 51 (Gracia testifying that "I sleep for about 48 hours. And then I'm usually in bed for about a week.").

As discussed in Sections III.B.1-.2, *supra*, the ALJ found that Dr. Smith's April 8, 2014 opinion was inconsistent with the objective longitudinal evidence of record, R. at 21, and Garcia's testimony was "not entirely credible," R. at 16. As these findings are supported by substantial evidence, the ALJ was entitled to reject the vocational expert's testimony at issue here. *See Owens v. Heckler*, 770 F.2d 1276, 1282 (5th Cir. 1985) (concluding that an ALJ's rejection of expert testimony was reasonable where "objective medical evidence did not coincide with the hypothetical assumptions posed to the vocational expert"); *Jenkins v. Astrue*, 250 F. App'x 645, 647 (5th Cir. 2007) ("Because there is substantial evidence that the hypothetical questions posed to the vocational experts were unsupported by medical evidence, the ALJ's

decision to disregard their testimony was proper."); *LeBlanc v. Shalala*, 15 F.3d 180, 1994 WL 24937, at *4 (5th Cir. 1994) (unpublished, but precedential under 5th Cir. Rule of Appellate Procedure 47.5.3) ("The ALJ was entitled to reject [the claimant's] testimony as not credible and to reject the [vocational] expert's opinion based upon that hypothetical."). Accordingly, the Court overrules Garcia's objection on this ground.

## IV. CONCLUSION

For the foregoing reasons, the Court enters the following orders:

**IT IS ORDERED** that Plaintiff Teresa Margaret Geske Garcia filed her "Objections to Magistrate Judge's Report and Recommendations" (ECF No. 18) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the "Report and Recommendation of the Magistrate Judge" (ECF No. 17) is **ACCEPTED**.

**IT IS MOREOVER ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**IT IS ORDERED** that any pending motions are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the Clerk of the Court **SHALL CLOSE** this case.

So **ORDERED** and **SIGNED** this 28th day of April 2017.

/s/ David C. Guaderrama
DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE